UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STENNETH PLUMMER,

    Plaintiff,

v.                                       CASE NO. 8:14-cv-1828-T-23TBM

MANATEE COUNTY, *et al.*,

    Defendants.
_____/

## **O R D E R**

Plummer's civil rights complaint under 42 U.S.C. § 1983 alleges that the defendants violated his rights by failing to disclose to him the results of DNA testing. Plummer sues Manatee County, State Attorney Ed Brodfky, and the Office of the State Attorney. Although entitled to a generous interpretation, *Haines v. Kerner*, 404 U.S. 519 (1972) (*per curiam*), the complaint is time-barred.

Plummer paid the full $400 filing fee. Even though Plummer is not proceeding *in forma pauperis*, a district court is required to "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity . . . [and] the court shall . . . dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks

monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

In 2007 Plummer pleaded guilty to the sexual battery of a mentally disabled person. Plummer unsuccessfully challenged his conviction in 8:10-cv-1225-T-17AEP.[1] Plummer alleges that, "[d]espite Plaintiff's numerous requests to have DNA results revealed, Defendants failed to disclose" the results.[2] This alleged failure to disclose occurred when Plummer was convicted and sentenced in 2007.

Because Section 1983 contains no limitation, the state's four-year limitation for a personal injury claim governs a Section 1983 claim. *Wilson v. Garcia*, 471 U.S. 261, 276-79 (1985); *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003) ("Florida's four-year statute of limitations applies to such claims of deprivation of rights under 42 U.S.C. §§ 1983 and 1985."), *cert. denied*, 540 U.S. 1219 (2004). Plummer's claim arose in 2007 and his limitation expired in 2011. Plummer began this action in 2014, which is three years too late. Consequently, Plummer's action for monetary damages is time-barred.

---

[1] Although his claim relates to the underlying conviction, Plummer's allegation that the defendants failed to disclose the DNA test results challenges neither the fact nor the duration of his confinement. As a consequence, his claim is properly presented in a civil rights action instead of an application for a writ of habeas corpus. *See Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973), and *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

[2] Plummer's guilty plea rendered DNA results unnecessary, and his earlier application for habeas relief asserts no challenge involving the DNA results.

Dismissal before service is proper. *Smith v. Shorstein*, 217 Fed. App'x 877, 880 (11th Cir. 2007) ("The expiration of the statute of limitations warrants dismissing a complaint as frivolous. But '[t]o dismiss a prisoner's complaint as time-barred prior to service, it must appear beyond a doubt from the complaint itself that the prisoner can prove no set of facts which would avoid a statute of limitations bar.'") (*quoting Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir.2003)); *Reynolds v. Murray*, 170 Fed. App'x 49, 51 (11th Cir. 2006) ("It is appropriate for a district court to dismiss a complaint as time-barred where the prisoner fails to identify 'why the statute of limitations might be tolled in his case.'") (*quoting Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003)).

Accordingly, the untimely civil rights complaint (Doc. 1) is **DISMISSED**. The clerk must close this case.

ORDERED in Tampa, Florida, on October 27, 2014.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE